I HAVE BEEN ASKED BY ATTORNEY GENERAL LOVING TO RESPOND TO YOUR NOVEMBER 20, 1992, CORRESPONDENCE WHEREIN YOU REQUESTED AN OPINION AS TO THE STATUS OF WORKERS' COMPENSATION SELF-INSURED GROUPS IN OKLAHOMA. YOU WERE CONCERNED BECAUSE THE STATUTE AUTHORIZING SUCH GROUPS (85 O.S. 149.1 (1991)) WAS FOUND TO BE UNCONSTITUTIONAL IN A.G. OPIN. NO. 82-186. IN YOUR LETTER YOU INDICATE THAT YOU HAVE "BEEN UNABLE TO FIND ANY CHANGE IN THE STATUTE" SINCE THE PUBLICATION OF A.G. OPIN. NO. 82-186.
WHILE THERE HAS BEEN NO CHANGE IN 85 O.S. 149.1, MY RESEARCH OF THIS MATTER LED ME TO SEVERAL CHANGES IN THE WORKERS' COMPENSATION STATUTES THAT RELATE DIRECTLY TO THE SELF-INSURED GUARANTY FUNDS. (SEE 85 O.S. 61/85 O.S. 177 (1992)/85 O.S. 61/85 O.S. 66.2/85 O.S. 149.2/85 O.S. 177). IN ADDITION, THE OKLAHOMA SUPREME COURT IN AMERICAN INSURANCE ASSOCIATION V. STATE INDUSTRIAL COMMISSION, 745 P.2D 737 (OKLA.1987) ADDRESSES THE SAME ISSUES THAT WERE ADDRESSED IN A.G. OPIN. NO. 82-186. THE COURT IN AMERICAN, ALTHOUGH FAILING TO RULE ON THE MERITS OF THE APPEAL, NOTED SPECIFICALLY THAT:
 "(I)T IS QUITE APPARENT THAT ALL THE POST 149.1 ENACTMENTS ON THE SUBJECT HERE IN CONTEST WERE CLEARLY THE LEGISLATURE'S EFFORT TO CURE WHATEVER DEFECTS THE ATTORNEY GENERAL IDENTIFIED IN HIS 1982 OPINION. ID. AT 740."
NEITHER THIS OFFICE NOR THE COURT IN AMERICAN HAVE RULED ON THE CONSTITUTIONALITY OF THE PRESENT STATUTES. HOWEVER, THE LEGISLATURE HAS MOVED TO CORRECT THE DEFICIENCIES IN 85 O.S. 149.1 WHICH LED TO THE FINDING OF UNCONSTITUTIONALITY IN A.G. OPIN. NO. 82-186. THEREFORE, ALTHOUGH A.G. OPIN. NO. 82-186 HAS NOT OFFICIALLY BEEN REVERSED IT APPEARS THAT SUBSEQUENT STATUTORY ENACTMENTS MAY HAVE RENDERED THE OPINION MOOT. IF YOU HAVE ANY QUESTIONS CONCERNING THIS LETTER PLEASE FEEL FREE TO CONTACT ME. THANK YOU.
(JOSEPH L. MCCORMICK)